BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: HARTFORD COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | MDL Docket No. 2963 |

SA PLAINTIFFS' INTERESTED PARTY RESPONSE TO
ORDER TO SHOW CAUSE FOR TRANSFER AND COORDINATION
OR CONSOLIDATION UNDER 28 U.S.C. §1407

The SA Plaintiffs,[1] by and through their undersigned counsel, pursuant to 28 U.S.C. §1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation ("Panel"), respectfully submit the following interested party response to the Panel's Order to Show Cause as to why all COVID-19-related business interruption cases against Hartford-related insurers (the "Hartford Actions") should not be transferred and coordinated.

PRELIMINARY STATEMENT

The Panel is familiar with the factual background and legal issues surrounding the business interruption insurance cases that have arisen from the Covid-19 pandemic. While denying an industry-wide MDL, the Panel issued orders to show cause with respect to certain insurers as to why the claims against them should not be coordinated; Hartford being among them. The SA Plaintiffs believe that centralizing and coordinating the cases against Hartford would be appropriate. As is reflected in Schedule A of the Order to Show Cause, there are 67 cases against Hartford-related insurers pending in 28 Districts all over the country. For the reasons set forth below, the SA Plaintiffs believe that centralization and coordination of the Hartford Actions would

---

[1]   The SA Plaintiffs are: SA Hospitality Group, LLC, 1000 Madison Avenue LLC, Astoria Cakes LLC, Café Focaccia, Inc., Realtek LLC, SA Midtown LLC, Bailey's Restaurant LLC, SA Special Events, Inc., SASE LLC, Eighty Third And First LLC, 265 Lafayette Ristorante LLC, Felice Gold Street LLC, SA 61st Management LLC, SA York Ave LLC, SA Third Ave Café LLC, SABF LLC, Felice Chambers LLC, Felice Water Street LLC, Pigment, Inc. and The Eye Care Center of New Jersey, PA

be appropriate either in the District of Connecticut before Hon. Vanessa Bryant or in the District of New Jersey before Hon. Kevin McNulty.

I.     ARGUMENT IN SUPPORT OF CENTRALIZATION AND TRANSFER

    A.     **Centralization Will Promote Section 1407's Goals of Ensuring the Just and Efficient Conduct of the Actions and Avoiding Inconsistent or Conflicting Determinations**

28 U.S.C. §1407(a) provides, in relevant part:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

"Centralization under Section 1407 is . . . necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary." *In re High Sulfur Content Gasoline Prod. Liab. Litig.*, 344 F. Supp. 2d 755, 757 (J.P.M.L. 2004). The litmus test of transferability and coordination under Section 1407 is the presence of common questions of fact. *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979); *see also In re Meridia Prod. Liab. Litig.*, 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002).

Here, the Hartford Actions are particularly well suited for MDL treatment because of the common factual and legal questions presented in the individual cases and MDL treatment will preserve judicial resources. *In re S. Pac. Transp. Co. Emp't Practices Litig.*, 429 F. Supp. 529, 531 (J.P.M.L. 1977); *see also In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (noting that transfer is favored where there are overlapping legal issues among the various cases). Unlike in MDL 2942, the proposed Hartford-only MDL would not involve other insurers. While there are a number of Hartford insurance companies, there should

be only a limited number of policy forms and a common corporate strategy for processing COVID-19-related business interruption cases. Dispositive and other motions filed by the parties in the Hartford Actions will require the resolution of essentially the same issues of fact and law. *See In re Oil Spill by "Amoco Cadiz" off the Coast of France on Mar. 16, 1978*, 471 F. Supp. 473, 478 (J.P.M.L. 1979) (ordering centralization where actions "involve common questions of fact"). Moreover, centralization will "prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning the common factual questions." *Id.*; *see also In re Ryder Truck Lines, Inc. Emp't Practices Litig.*, 405 F. Supp. 308, 309 (J.P.M.L. 1975). In particular, Hartford has already begun filing dispositive motions which raise nearly identical arguments as to why the insured's claim is not entitled to be paid. None have yet been fully briefed, but it would be a waste of judicial resources to have essentially the same issues decided by multiple different judges. Moreover, the insureds will inevitably raise different arguments on the same issues of law in response to Hartford's motions. This situation that is an invitation to conflicting pretrial rulings relating to interpretation of the same common insurance policy language.

Based upon the foregoing, the transfer of the Hartford Actions to a single forum will eliminate duplicative discovery; prevent inconsistent pretrial rulings regarding coverage; conserve the resources of the parties, counsel, and the judiciary; and promote the just and efficient conduct and resolution of the Hartford Actions. Simply put, centralization will promote efficiency by allowing these common disputes to be argued before and resolved by a single Transferee Court.

      **B.**    **The District of Connecticut Is the Most Appropriate Forum**

Under 28 U.S.C. §1407(a), the Panel may transfer actions to "any district" and has wide discretion to choose the transferee court. *See, e.g.*, *In re New York City Mun. Sec. Litig.*, 572 F.2d 49, 51 (2d Cir. 1978). The Panel generally considers a variety of factors in selecting the transferee court, including, but not limited to, the following: (1) the procedural advancement of an action; (2)

the familiarity of a judge with the proceedings; (3) the efficiency of a court's civil docket; and (4) a central location for national litigation. Given that all the Hartford Actions are at a similar procedural posture (*i.e.*, their infancy), and no judge has particular experience with the Hartford Actions, transfer analysis must turn on the efficiency and convenience of the litigation.

        **1.**      **The District of Connecticut Is Hartford's Primary Headquarters, and Is Well-Equipped to Manage This MDL Proceeding**

In deciding where to centralize related actions, the Panel often considers, among other factors, the location of the defendants' headquarters, the location of relevant documents and witnesses, and the number of related actions pending in a particular district at the time of transfer. *See, e.g.*, *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 148 F. Supp. 3d 1367 (J.P.M.L. 2015). In the instant case, the center of gravity of the case is in the District of Connecticut. The District of Connecticut has more cases pending there, 12, than in any other District. Many of the Hartford insurance companies are headquartered in Hartford, Connecticut, so key fact witnesses for the defendants should be readily available. In addition, many of the cases against Hartford companies seek to certify nationwide classes. In early motion practice in other states, Hartford has raised the issue that there would be no personal jurisdiction with respect to the claims of non-resident unnamed class members because the Hartford insurer is not "at home" in that state. While the SA Plaintiffs believe those arguments to be completely meritless, coordinating all of the cases in the District of Connecticut, where many Hartford parties have their headquarters, would eliminate this argument.

**Second**, as the Panel is aware, the District of Connecticut has more than the requisite resources and capacity to manage this MDL proceeding. There are no MDL's pending in the District of Connecticut, so the District should have the capacity to take on a single MDL. Judge Bryant is an experienced jurist and are more than capable of managing the litigation.

### 2. The District of New Jersey is Convenient and Is Also Well-Equipped to Manage This MDL Proceeding

In the alternative, the SA Plaintiffs respectfully request coordination and centralization of the cases in the District of New Jersey before Hon. Kevin McNulty in Newark. New Jersey has the second-most number of Hartford-related cases and has the advantage of ease of transportation over Connecticut for out-of-state plaintiffs, while still convenient to Hartford-based defendants. Newark Liberty International Airport and Newark Penn Station, a stop on the Acela train line, are only minutes from the Newark federal courthouse. There are 12 MDLs currently pending in the District of New Jersey, so the Clerk's office has demonstrated the ability to handle complex multidistrict litigation, but none of the New Jersey MDLs are before Judge McNulty. Judge McNulty is equally experienced and capable of handling this proposed MDL.

### II. CONCLUSION

For the foregoing reasons, the SA Plaintiffs respectfully request that the Panel enter an Order pursuant to 28 U.S.C. §1407 centralizing for coordinated or consolidated pretrial proceedings all related and tag-along Hartford Actions in the District of Connecticut or, alternatively, the District of New Jersey.

DATED: August 26, 2020

CARELLA, BYRNE, CECCHI,
  OLSTEIN, BRODY & AGNELLO, P.C.
JAMES E. CECCHI
LINDSEY H. TAYLOR

/s/ James E. Cecchi
James E. Cecchi

5 Becker Farm Road
Roseland, NJ  07068
Telephone:  973/994-1700
973/994-1744 (fax)
jcecchi@carellabyrne.com
ltaylor@carellabyrne.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
PAUL J. GELLER
STUART A. DAVIDSON
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
RACHEL L. JENSEN
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
rachelj@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
STEPHEN A. WEISS
77 Water Street, 8th Floor
New York, NY  10005
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com
sweiss@seegerweiss.com

Attorneys for the SA Plaintiffs

## **PROOF OF SERVICE**

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, I hereby certify that on August 26, 2020, I caused the "Interested Party Response" to be filed with the Court's CM/ECF system, which sends a service copy to all registered parties in the action at their associated email addresses.

Dated: August 26, 2020

/s/ James E. Cecchi
JAMES E. CECCHI

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO
5 Becker Farm Road
Roseland, New Jersey 07068
Tel: (973) 994-1700
Fax: (973) 994-1744
jcecchi@carellabyrne.com

Attorneys for Plaintiffs
SA Hospitality Group, LLC, 1000 Madison Avenue LLC, Astoria Cakes LLC, Café Focaccia, Inc., Realtek LLC, SA Midtown LLC, Bailey's Restaurant LLC, SA Special Events, Inc., SASE LLC, Eighty Third And First LLC, 265 Lafayette Ristorante LLC, Felice Gold Street LLC, SA 61st Management LLC, SA York Ave LLC, SA Third Ave Café LLC, SABF LLC, Felice Chambers LLC, Felice Water Street LLC, Pigment, Inc. and The Eye Care Center of New Jersey, PA