**BEFORE THE UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATOIN**

| | |
|---|---|
| IN RE: HARTFORD COVID-19 ) <br> BUSINESS INTERRUPTION ) <br> PROTECTION INSURANCE ) <br> LITIGATION ) | MDL DOCKET NO. 2963 |

**PLAINTIFFS R.A.W. (RINNIGADE ART WORKS), LLC, CAMBRIDGE CUISINE, LLC AND PURE FITNESS, LLC'S RESPONSE TO PANEL'S ORDER TO SHOW CAUSE**

Plaintiffs R.A.W. (Rinnigade Art Works), LLC, Cambridge Cuisine, LLC, and Pure Fitness, LLC, by and through their undersigned counsel, respond to the Panel's Order to Show Cause (Dkt. # 3), as follows:

**I.   INTRODUCTION**

In its Order Denying Transfer and Directing Issuance of Show Cause Orders (Dkt. # 1) (the "Order Denying Transfer'), the Panel declined to create an industry-wide MDL based on its finding that "these cases involve different insurance policies with different coverages, conditions, exclusions, and policy language, purchased by different businesses in different industries located in different states. These differences will overwhelm any common factual questions." Order Denying Transfer, at 2. The Panel went on to note that, "[w]hile the policy language for business income and civil authority coverages may be very similar among the policies, seemingly minor differences in policy language could have significant impact on the scope of coverage." *Id.* at 3. However, the Panel ordered further briefing regarding whether single-insurer MDLs should be created. In doing so, the Panel posited that because "[t]he actions are more likely to involve insurance policies utilizing the same language, endorsements, and exclusions… there is a significant possibility that the actions will share common discovery and pretrial motion practice… [that] centralization of these actions could eliminate inconsistent pretrial rulings with respect to the overlapping nationwide class claims that most of the insurers face… [and that] an insurer-

specific MDL therefore could achieve the convenience and efficiency benefits envisioned by Section 1407." *Id.*, at 3-4.

As discussed below, the reality is that The Hartford utilizes different insurance policies with different language, endorsements and exclusions that vary depending on the state in which they are issued and that will need to be interpreted in accordance with each state's laws and regulatory scheme. As such, the centralization of all actions against The Hartford would not "achieve the convenience and efficiency benefits envisioned by Section 1407." If the Panel nevertheless orders the creation of an MDL for actions involving The Hartford, it should transfer the actions to the Honorable Indira Talwani in the District of Massachusetts, a capable jurist with experience managing MDL proceedings who sits in a District convenient for all parties.

## II. ARGUMENT

### A. Transfer of All Actions Pending Against The Hartford for Coordinated or Consolidated Proceedings Is Not Warranted.

28 U.S.C. § 1407(a) provides that, to justify the creation of an MDL, a movant must show that (1) the actions share sufficient common questions of fact, (2) transfer would be for the convenience of the parties and witnesses, and (3) transfer would advance the just and efficient conduct of the actions. 28 U.S.C. § 1407(a); *In re Highway Accident Near Rockville, Conn., on Dec. 30, 1972*, 388 F. Supp. 574, 575 (J.P.M.L. 1975) ("Before transfer will be ordered, the Panel must be satisfied that all of the statutory criteria have been met."); *see also* Manual for Complex Litigation § 20.131 (4th ed. 2004), *available at* https://public.resource.org/scribd/8763868.pdf ("The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save time and effort of the parties, the attorneys, the witnesses, and the courts."). As set forth below, because none of these criteria have been met, even as to the creation of an MDL limited to cases brought against The Hartford, the Panel should


decline to transfer the underlying actions.

### 1. The Actions Do Not Share Sufficient Common Questions of Fact.

As The Hartford has already submitted to the Panel:

> Hartford utilizes different policy forms with different policyholders, depending upon various factors, including, among other things, the policyholder's size, location, and business. For example, while the vast majority of Hartford policies include a form of virus exclusion, some do not. As for those that do, many involve a virus exclusion contained in Hartford's Limited Fungi, Bacteria or Virus Coverage form; others contain a New York – Exclusion of Loss Due to Virus or Bacteria form; still others include a "Virus or Bacteria" exclusion in the Special Property Coverage Form; and still others have state-specific forms modifying virus exclusions in the policy.

Hartford's Interested Party Response in Further Opposition to Motions to Transfer Pursuant to 28 U.S.C. § 1407 (Dkt. # 592) (the "Hartford Response"), at 3. As such, even The Hartford, which stands to benefit the most from centralization of all the actions against it, has taken the position that "each claim will need to be analyzed on a state-by-state and policy-by-policy basis, and consolidation would not streamline these cases." *See* Interested Parties Westchester Surplus Lines Insurance Company and Indemnity Insurance Company of North America's Response to Plaintiffs' Motions for Transfer and Coordination or Consolidation Under 28 U.S.C. § 1407 (Dkt. # 376) (the "Westchester Response"), at 9-10 (citing *In re: Mortgage Indus. Foreclosure Litig.*, 996 F. Supp. 2d 1379, 1379-80 (J.P.M.L. 2014) (denying motion to transfer because actions involved "contractual interpretation questions under different state laws").[1]

Indeed, where, as here, actions involve insurance policies that may differ from state to state and that must be interpreted according to the state laws and regulatory schemes in the jurisdictions in which they were issued, the Panel routinely denies requests to transfer. *See, e.g.*, *In re*

---

[1] The Hartford joined in the Westchester Response. The Hartford's Interested Party Response in Opposition to Motions to Transfer Pursuant to 28 U.S.C. § 1407 (Dkt. # 425), at 2.

*Healthextras Ins. Mktg. & Sales Practices Litig.*, 24 F. Supp. 3d 1376, 1377 (J.P.M.L. 2014) (denying consolidation when the key issue in all cases was legal in nature and insurance policies were "defined by the laws and regulations of the relevant state"); *In re Title Ins. Real Estate Settlement Procedures Act (RESPA) & Antitrust Litig*, 560 F. Supp. 2d 1374, 1376 (J.P.ML. 2008) (denying transfer because actions "encompass different regulatory regimes in the states in which actions are pending along with variances in insurance regulation and law in each state"). The Panel should do the same here.

### 2. Transfer Would Not Serve the Convenience of the Parties or Witnesses or Advance the Just and Efficient Conduct of the Actions.

Because resolving the actions pending against The Hartford will entail the interpretation of insurance policies that may differ from state to state according to the laws and regulatory schemes of the various states in which they were issued, transfer and centralization of all actions pending against The Hartford would not serve the "convenience of the parties or witnesses" or "advance the just and efficient conduct of the actions" as required by 28 U.S.C. § 1407(a). Regardless of the District in which any MDL against The Hartford were centralized, such a proceeding would require plaintiffs who have filed actions in their local courts across the country to litigate their claims in a remote jurisdiction. Moreover, rather than permitting the various federal judges presiding over the actions to interpret the terms of The Hartford's insurance policies in accordance with the local state laws with which they are familiar, centralization would force a single federal judge to apply the laws of many states, which will likely delay resolution of the actions.

### B. If the Panel Does Create an MDL for Actions Involving The Hartford, It Should Transfer Those Actions to the District of Massachusetts.

If the Panel nevertheless creates an MDL for actions involving The Hartford, it should transfer those actions to the Honorable Indira Talwani in the District of Massachusetts. Relevant

factors for selecting a transferee forum include the congestion and bandwidth of the potential transferee districts, the ease of access to the potential transferee districts, and the availability of experienced and skilled jurists. *See, e.g., In re: Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practices Litig.*, 844 F. Supp. 2d 1380, 1381 (J.P.M.L. 2012); *In re: A-Power Energy Generation Sys., Ltd. Sec. Litig.*, 829 F. Supp. 2d 1382,1383 (J.P.M.L. 2011); *In re Fisher-Price Rock 'N Play Sleeper Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2903, 2019 WL 4010712, at *2 (J.P.M.L. 2019). Here, these factors and others weigh heavily in favor of the District of Massachusetts.

*First*, there are currently only seven MDLs pending in the District of Massachusetts. In comparison, there are ten MDLs pending in the Eastern District of Pennsylvania and eleven MDLs pending in the Northern District of Illinois, where movants seek to create yet another MDL or more. *See* United States Judicial Panel on Multidistrict Litigation, *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-17-2020.pdf. As such, it would be more efficient to send these matters to District of Massachusetts, which has fewer assigned MDL proceedings.

*Second*, as the Panel has recently recognized, the District of Massachusetts "is an easily accessible location for [a] nationwide litigation." *In re Evenflo Company, Inc. Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2938, 2020 WL 2849480, at *1 (J.P.M.L. June 2, 2020). Indeed, litigating in the District of Massachusetts's Eastern Division, located in Boston, a major metropolitan area with several major airports and access to other modes of public transportation, would be convenient for all parties. Boston is just 100 miles from The Hartford's corporate headquarters, whereas the Eastern District of Pennsylvania is twice that distance and the

5

Northern District of Illinois is much farther still, some 900 miles away. Therefore, compared to the Districts proposed by the movants, the District of Massachusetts would be far more convenient for The Hartford. This factor also weighs in favor of transfer to the District of Massachusetts. *See, e.g., In re Stryker Orthopaedics LFIT V40 Femoral Head Products Liability Litig.*, 249 F.Supp.3d 1353, 1356 (J.P.M.L. 2017) (centralizing actions in the District of Massachusetts based on, among other things, it being located "relatively close to HOC's Mahwah, New Jersey headquarters, where relevant documents and witnesses may be found").

*Third*, transferring the cases to Judge Talwani, who is currently presiding over *R.A.W. (Rinnigade Art Works), LLC v. The Hartford Financial Services Group, Inc.*, No. 1:20-cv-10867-IT (D. Mass.), would ensure the just and efficient conduct of the actions. Judge Talwani has significant experience managing multidistrict litigation, having presided over *In re: Stryker LFIT V40 Femoral Head Products Liability Litigation*, MDL 2768, since 2017. *See* 249 F.Supp.3d 1353.

Finally, while some of The Hartford's applicable all-risk policies include a form of virus exclusion that includes the word "virus", its policies in Massachusetts include a form containing Massachusetts changes which expressly excludes that term. *See* Dkt. # 300-4. Thus, Judge Talwani could decide both the applicability of any exclusion containing the term "virus" and the relevance of the form excluding that term Massachusetts state law, as compared to that issue being decided in Pennsylvania or Illinois, where that issue has not been presented, as requested by the movants.

### III. CONCLUSION

For all the foregoing reasons, creating a nationwide MDL for all business interruption protection insurance litigation brought against The Hartford would not "achieve the convenience

6

and efficiency benefits envisioned by Section 1407." However, if the Panel creates such an MDL, the Panel should transfer all underlying actions to the Honorable Indira Talwani of the District of Massachusetts.

DATED: August 26, 2020                             Respectfully submitted,

WHATLEY KALLAS, LLP

By */s/ Patrick J. Sheehan*
Patrick J. Sheehan
101 Federal Street, 19th Floor
Boston, MA  02110
Phone:  617-573-5118
Fax:  800-922-4851
Email:  psheehan@whatleykallas.com

*Counsel for Plaintiffs,*
*R.A.W. (Rinnigade Art Works), LLC, Cambridge*
*Cuisine, LLC and Pure Fitness, LLC*