**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE: HARTFORD COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | MDL Docket No. 2963 |
| --- | --- |

**RESPONSE TO THE PANEL'S ORDER TO SHOW CAUSE**
**IN SUPPORT OF CENTRALIZATION**

Reinol A. Gonzalez, DMD, P.A., plaintiff in *Reinol A. Gonzalez, DMD, P.A. v. The Hartford Financial Services Group, Inc., et al.*, No. 1:20-cv-22151 (S.D. Fla.), supports centralization in the Southern District of Florida of the actions included on Schedule A of the Panel's Order to Show Cause (the "Hartford Actions"), as well as any potential tag-along cases, for the reasons set forth below. In the alternative, Reinol Gonzalez, DMD, P.A. supports centralization in the Eastern District of Pennsylvania.

## INTRODUCTION

The Hartford Actions are appropriate for consolidation. They involve common and related defendants, complex common issues of fact, and claims asserted on behalf of likely overlapping putative classes. Centralization will help prevent inconsistent pretrial rulings, avoid duplicative discovery, and preserve the resources of the parties and the judiciary.

The Southern District of Florida is the most appropriate transferee forum for the Hartford Actions. First, consolidation in the Southern District of Florida will best promote efficiency and convenience. Of all the districts where Hartford Actions have been filed to date, the Southern District of Florida has the most favorable caseload statistics and moves cases toward resolution and trial most efficiently. And as the Panel has previously observed, the Southern District of Florida has several characteristics that make it an appropriate forum for centralization of nationwide litigation. Among other things, it is a metropolitan district that is conveniently

accessible for parties and witnesses, and it has the judicial resources to manage nationwide litigation effectively. Therefore, Reinol Gonzalez, DMD, P.A. respectfully submits that if the Panel concludes that centralization of the Hartford Actions is warranted, the Panel should centralize the litigation in the Southern District of Florida.

In the alternative, should the Panel decline to centralize the Hartford litigation in the Southern District of Florida, the Panel should centralize it in the Eastern District of Pennsylvania. Like the Southern District of Florida, the Eastern District of Pennsylvania also has the docket conditions and judicial resources to move this litigation forward efficiently, and it is an accessible and convenient forum for parties, attorneys, and witnesses. Moreover, the Eastern District of Pennsylvania is the center of gravity of the Hartford COVID-19 business interruption litigation in the northeastern United States with the most filed cases.

## I. Consolidation of the Hartford Actions is appropriate.

The Panel may transfer civil actions pending in different districts to a single district court for coordinated or consolidated pretrial proceedings, provided that (i) such actions involve "one or more common questions of fact"; and (ii) transferring such actions "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).

The first requirement is satisfied because the Hartford Actions present important and complex common questions of fact. The plaintiffs in all the Hartford Actions purchased property insurance policies that provide business interruption coverage. The only defendants in the Hartford Actions are affiliates and subsidiaries of the Hartford Financial Services Group, Inc. The policies at issue in all the Hartford Actions are materially similar and based on standardized forms used by Hartford-affiliated insurers. And unlike policies issued by many other insurers, the policies at

issue in the Hartford Actions also contain provisions that specifically and expressly grant limited coverage for losses related to fungi, bacteria, and viruses.

These commonalities give rise not only to common questions of law—such as the interpretation of common policy language—but also to common issues of fact. These include but are not limited to the drafting, underwriting, and marketing practices of the Hartford defendants; the history of the Hartford defendants' introduction or elimination of critical policy provisions from their standard policy forms; and the Hartford defendants' evaluation, investigation, and ultimate denial of their insureds' COVID-19-related loss claims.

Because the Hartford Actions share these and other complex issues of fact, the second requirement of § 1407(a)—promoting the just, efficient, and convenient conduct of the consolidated actions—is also satisfied here. Consolidation of these Actions will streamline discovery, preserve the resources of the parties and the judiciary, and avoid duplicative pretrial litigation. *See, e.g.*, *In re Lowe's Companies, Inc., Fair Labor Standards Act & Wage & Hour Litig.*, MDL No. 2947, 2020 WL 4670702, at *2 (J.P.M.L. Aug. 5 ,2020) ("All actions remain at a relatively early stage of pretrial proceedings, . . . and will benefit from common discovery as to the company-wide conduct alleged by plaintiffs."). And because the Lloyd's Actions include claims asserted on behalf of putative and potentially overlapping classes, centralization will also prevent inconsistent pretrial rulings with respect to class certification. *See, e.g.*, *In re Dollar Gen. Corp. Motor Oil Marketing and Sales Practices Litig.*, 190 F. Supp. 3d 1361, 1363 (J.P.M.L. 2016) (concluding that centralization was warranted in order to, among other things, prevent inconsistent rulings on class certification).

It bears emphasis that one specific § 1407(a) consideration, efficiency, is *particularly* important in this litigation. As the Panel observed in its recent ruling concerning COVID-19

business interruption litigation, "time is of the essence in this litigation [because] [m]any businesses are on the brink of bankruptcy as a result of business lost due to the COVID-19 pandemic and the government closure orders." *In re: Covid-19 Business Interruption Protection Insurance Litigation*, MDL No. 2942, 2020 WL 4670700, at *2 (J.P.M.L. Aug. 12, 2020). Therefore, "delay should be avoided in this litigation to the extent possible[.]" *Id.* at *3. Consistent with this objective, the transferee forum for the Hartford litigation should be selected with a particular focus on the convenience of the parties and the efficient resolution of the Hartford Actions. And for reasons described in more detail below, the Southern District of Florida is uniquely suited to handle a Hartford MDL efficiently and conveniently.

## II. Consolidation in the Southern District of Florida would best promote efficiency and convenience.

Pertinent factors for selecting a transferee forum typically include the congestion and bandwidth of the potential transferee districts,[1] the ease of access to the potential transferee districts,[2] and the availability of experienced and skilled jurists.[3] These factors and others weigh heavily in favor of the Southern District of Florida.

First, the Southern District of Florida is the least congested of the districts where Hartford Actions have been brought, and the most efficient district in moving cases toward resolution. This is a significant consideration when determining where to transfer cases for multidistrict litigation. *See, e.g., In re Career Acad. Antitrust Litig.*, 342 F. Supp. 753, 754 (J.P.M.L. 1972) ("[C]ourt

---

1 *See, e.g., In re: Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practices Litig.*, 844 F. Supp. 2d 1380, 1381 (J.P.M.L. 2012).

2 *See, e.g., In re: A-Power Energy Generation Sys., Ltd. Sec. Litig.*, 829 F. Supp. 2d 1382,1383 (J.P.M.L. 2011).

3 See *e.g., In re Fisher-Price Rock 'N Play Sleeper Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2903, 2019 WL 4010712, at *2 (J.P.M.L. 2019).

congestion is often considered by the Panel in selecting a transferee district . . . ."); *In re Air Crash Disaster at John F. Kennedy Intern. Airport on June 24, 1975*, 407 F. Supp. 244, 246 (J.P.M.L. 1976).

According to the most recent statistics, the median time from filing to disposition of civil cases in the Southern District of Florida is approximately 3.7 months, and the median time from filing to trial is about 16 months. The District ranks second and third in the country, respectively, in each of these metrics.[4] In most of the other districts where Hartford Actions have been brought, the median times to disposition and trial are considerably longer. For example, in the District of Connecticut, the median time to disposition is 9 months and the median time to trial is 39.5 months. *Id.* The Southern District of Florida also has the judicial resources available to manage a Hartford MDL. The District has only seven pending MDLs, five of which have fewer than 20 active cases.[5]

The Southern District of Florida's "general docket conditions permit [the Panel] to make the Section 1407 assignment knowing that the court has the resources available to manage this litigation." *In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007); *see also In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 366 F. Supp. 3d 1368, 1369 (J.P.M.L. 2019) ("Centralization in this district allows the Panel to assign this nationwide litigation to a forum with the necessary judicial resources and expertise to manage this litigation efficiently and in a manner convenient for the parties and witnesses.").

---

4 United States District Courts: National Judicial Caseload Profile, Combined Civil and Criminal Federal Court Management Statistics (June 30, 2020), ("National Judicial Caseload Profile") available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2020.pdf.

5 United States Judicial Panel on Multidistrict Litigation, *MDL Statistics Report – Distribution of Pending MDL Dockets by District*, https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-August-17-2020.pdf

Second, the Southern District of Florida has numerous experienced jurists capable of "steer[ing] this litigation on a prudent course." *In re Trasylol Prod. Liab. Litig.*, 545 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008). The Panel has previously selected the Southern District of Florida as the transferee forum for complex nationwide MDLs, and the District's judges have demonstrated an ability to efficiently steer those cases toward resolution. *See In re Takata Airbag Products Liability Litigation*, No. 15-md-2599 (S.D. Fla.). Moreover, several highly qualified jurists in the District have "not yet had the opportunity to preside over an MDL," a factor that supports their selection here. *In re Fisher-Price Rock 'N Play Sleeper Mktg., Sales Practices, & Prod. Liab. Litig.*, No. MDL 2903, 2019 WL 4010712, at *2 (J.P.M.L. 2019); *In re Stryker Orthopaedics LFIT V40 Femoral Head Prod. Liab. Litig.*, 249 F. Supp. 3d 1353, 1356 (J.P.M.L. 2017) (same).

Third, as the Panel recently recognized, the Southern District of Florida "is a relatively convenient and accessible forum, with the resources and the capacity to efficiently handle what could be a large litigation." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. MDL 2924, 2020 WL 582134, at *2 (J.P.M.L. Feb. 2, 2020). The convenient accessibility of the District is particularly relevant here because a Hartford MDL would be "nationwide in scope." *In re Trasylol*, 545 F. Supp. 2d at 1358. With access to three international airports, the Southern District of Florida is a convenient transferee forum for parties, attorneys, and witnesses.

## III. The Eastern District of Pennsylvania would also be an appropriate transferee forum for a Hartford MDL.

If the Panel declines to transfer and consolidate the Hartford Actions in the Southern District of Florida, Reinol Gonzalez, DMD, P.A. respectfully proposes the Eastern District of Pennsylvania as an alternative transferee forum. The District would be an appropriate forum for a Hartford MDL for several reasons. First, like the Southern District of Florida, the Eastern District of Pennsylvania has among the most favorable efficiency metrics of all the districts where Hartford

Actions are currently pending. The median time to disposition of civil cases in the Eastern District of Pennsylvania is 5.8 months, and the median time to trial is 18.4 months.[6]

Second, the Eastern District of Pennsylvania is the center of gravity of the Hartford COVID-19 litigation. A significant number of Hartford Actions—seven as of the date of the Order to Show Cause—are pending in the Eastern District of Pennsylvania. *See, e.g.*, *In re Elevator and Escalator Antitrust Litig.*, 350 F. Supp. 2d 1351, 1353 (J.P.M.L. 2004). And most of the Hartford Actions have been filed in districts in the northeastern United States from which the Eastern District of Pennsylvania is readily accessible. Many of the plaintiffs and defendants in those Actions also have their principal places of business in that region. *See, e.g., In re Dollar Gen. Corp. Motor Oil Marketing and Sales Practices Litig.*, 190 F. Supp. 3d 1361 at 1363 (noting "although this litigation is nationwide in scope, its center of gravity is in the central portion of the country" because, among other things, most actions were pending in that region).

Finally, as with the Southern District of Florida, the Eastern District of Pennsylvania is a conveniently accessible forum for parties, attorneys, and witnesses from beyond the northeastern region. As the Panel has previously noted, the District is "an accessible metropolitan court that possesses the necessary resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require." *In re Ace Ltd. Securities Litig.*, 370 F. Supp. 2d 1353, 1355 (J.P.M.L. 2005).

## **CONCLUSION**

For the foregoing reasons, if the Panel concludes that centralization of the Hartford Actions is appropriate, it should select the Southern District of Florida as the transferee forum for an MDL. In the alternative, the Panel should select the Eastern District of Pennsylvania.

---

[6] *See* National Judicial Caseload Profile.

Dated: August 26, 2020

Respectfully submitted,

**PODHURST ORSECK, P.A.**

/s/ Steven C. Marks

Steven C. Marks (Fla. Bar. No. 516414)
Aaron S. Podhurst (Fla. Bar. No. 63606)
Lea P. Bucciero (Fla. Bar. No. 84763)
Matthew P. Weinshall (Fla. Bar. No. 84783)
Kristina M. Infante (Fla. Bar. No. 112557)
SunTrust International Center
One Southeast 3rd Ave, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800
Fax: (305) 358-2382
smarks@podhurst.com
apodhurst@podhurst.com
lbucciero@podhurst.com
mweinshall@podhurst.com
kinfante@podhurst.com

**BOIES SCHILLER FLEXNER LLP**

/s/ Stephen N. Zack

Stephen N. Zack (Fla. Bar. No. 145215)
Bruce Weil (Fla. Bar. No. 816469)
James Lee (Fla. Bar. No. 67558)
Marshall Dore Louis (Fla. Bar. No. 512680)
100 Southeast 2nd Street, Suite 2800
Miami, FL 33131
Tel: (305) 539-8400
Fax: (305) 539-1307
szack@bsfllp.com
bweil@bsfllp.com
jlee@bsfllp.com
mlouis@bsfllp.com