**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: HARTFORD COVID COVID-19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION | MDL No. 2963 |

## RESPONSE TO SHOW CAUSE ORDER

Plaintiff in *Firenze Ventures LLC d/b/a Firenze Italian Street Food v. Twin City Fire Insurance Company d/b/a The Hartford*, case number 20-cv-4226, a proposed class action filed in the Northern District of Illinois, files this Response to Show Cause Order in opposition to addressing this matter through multi-district litigation.[1] This panel issued an order on August 12, 2020, in MDL No. 2942 denying transfer, and ordering the parties to show cause why actions should not be centralized in insurer-specific MDLs. (Dkt. 772). This case was not one of those listed, due to the date when it was removed from state court.

MDL treatment is inappropriate for business interruption insurance litigation against The Hartford primarily because of the variances in policies and in relevant state law. For example, the definition of "direct physical loss" or "damage to property" is central to this dispute, and there is great variance throughout the United States as to what these terms mean, even when the policy language is similar.

In some states, case law supports that the presence of COVID-19 causes a direct physical loss and damage to property. In *Studio 417, Inc. v. The Cincinnati Insurance Company*, 20cv03127, 2020 U.S. Dist. LEXIS 147600 (W.D.Mo., Aug. 12, 2020), a court applying Missouri law held that the presence of COVID-19 on premises causes direct loss or damage to

---

[1] Counsel for The Hartford in this matter has also stated on the record that they oppose MDL centralization. *Firenze v. Twin City*, 20-cv-4226, Dkt. 24.

property. The court recognized that asbestos contamination was analogous (2020 U.S. Dist. LEXIS 147600, **14, 17) and rejected the notion that structural damage to property is necessary for there to be loss or damage (2020 U.S. Dist. LEXIS 147600, **15, 17, 20).  It expressly found that there were differences in state law on the issue, but held that if contamination by asbestos, dangerous insects, or other noxious matter is considered to cause property damage under applicable state law, COVID-19 is in the same category.  *Accord, K.C. Hopps v. Cincinnati Ins. Co.*, 20cv00437,  2020 U.S. Dist. LEXIS 144285 (W.D.Mo., August 12, 2020). Similarly, the Illinois Supreme Court has held that "it would be incongruous to argue there is no damage to other property when a harmful element exists throughout a building or an area of a building which by law must be corrected and at trial may be proven to exist at unacceptably dangerous levels." *Board of Educ. Of City of Chicago v. A, C and S, Inc*., 131 Ill.2d 428, 446, 546 N.E.2d 580, 588 (1989); cf *Mama Jo's, Inc. v. Sparta Insurance Co.*, No. 18-12887, 2020 U.S. App. LEXIS 26103, at *24 (11th Cir. Aug. 18, 2020) (a direct physical loss requires an actual physical change in the insured property, and therefore, clean up costs are not covered).

There is a lack of precedent for the COVID-19 pandemic, so analogizing to similar instances of direct physical loss is necessary. However, the definitions of direct physical loss and damage to property have been interpreted to mean different things in different jurisdictions throughout the United States so many times that it would be impossible to summarize here.

For example, in some states, the presence of mold  – an analogous harm  –  does not constitute "property damage." *Universal Image Prods. v. Fed. Ins. Co.*, 475 Fed. Appx. 569, 574 (6th Cir.  2012) (Michigan law); *Mastellone v. Lightning Rod Mut. Ins. Co.*, 175 Ohio App. 3d 23, 884 N.E.2d 1130, 1144 (2008) (Ohio law). However, Illinois has held that mold does cause property damage. *USAA Cas. Ins. Co. v. McInerney*, 2011 IL App (2d) 100970, 960 N.E.2d 655;

see also *Liristis v. American Family Mutual Insurance Co.*, 204 Ariz. 140, 143, 61 P.3d 22, 25 (Ct. App. 2002) (Arizona law).

In addition, not all Hartford policies use the same forms, even within a single state. Thus, Firenze's policy contains limited express virus coverage. Other policies exclude all coverage for virus.

MDL treatment of all cases involving a single insurer is detrimental to plaintiffs and class members whose claims arise under the law of favorable states, such as Illinois, and whose policy provisions are more likely to be construed as affording coverage.

Thus, the relevant policy language is not the same and the effective meaning of the language varies based on precedent from state to state. Therefore, MDL treatment would be inappropriate unless the MDL proceeding is limited to cases involving a specific insurer and the law of a specific state, and is possibly inappropriate on any basis.

                                                Respectfully submitted,

                                                */s/Daniel A. Edelman*
                                                Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Dulijaza (Julie) Clark
Bryan G. Lesser
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106 (Cook)

Patrick Wartan
TAFT, STETTINIUS & HOLLISTER, LLP

111 E. Wacker Drive, Suite 2800
Chicago, IL 60601-3713
(312) 527-4000
(312) 966-8589 (FAX)
pwartan@taftlaw.com
Atty. No. 29143 (Cook)

William C. Wagner
TAFT, STETTINIUS & HOLLISTER, LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
(317) 713-3500
(317) 715-4537 (FAX)
WWagner@taftlaw.com